**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **EDWARD M. ZINNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.: 2:14-CV-00163** |
| ) | **FILED UNDER SEAL PURSUANT TO** |
| **RICHARD P. OLENYCH,** ) | **LOCAL CIVIL R. 83.6(E)** |
| ) | |
| **and** ) | |
| ) | |
| **LONE TREE PRINTING, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**SETTLEMENT TO BE ENFORCED**

Defendants Richard P. Olenych and Lone Tree Printing, Inc., by and through their

undersigned counsel, Wong Fleming, PC, hereby oppose Plaintiff Edward M. Zinner's Motion to

Enforce Settlement, and in support of their opposition state as follows:

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On July 24, 2015, the parties and their counsel attended a settlement conference before

Magistrate Judge Tommy E. Miller in this action, in the United States District Court of the

Eastern District of Virginia.  <u>See</u> Certification of Linda Wong ("Wong Certification"), ¶¶ 3-4,

attached hereto.

At the conference the parties agreed to the following terms:

      a.   ████████████████████████████████████████
                    ████████████████████████████████

b. ████████████████████████████████████████████

████████████████████████

■ ██████████████████████████████████

■ ████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

■ ██████████████████████████████████████████

■ ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

■ ████████████████████████████████████████████

████████████████

■ ████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

The Court did not indicate at the settlement conference that it would issue a court order to reduce the confidential agreement to a public filing.  <u>See</u> Wong Certification, ¶ 7.  In furtherance of the parties' attempts to enter into a final written agreement which memorialized the parties' settlement terms, Defendants' counsel sent to Plaintiff's counsel approximately five drafts of the settlement agreement for execution by the plaintiff, who in turn, sent me several drafts, one of which included the plaintiff's signature.  <u>See</u> Wong Certification, ¶ 8.



## ARGUMENT

Where "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily."  <u>Hensley v. Alcon Labs, Inc.</u>, 277 F. 3d 535, 541 (4th Cir. 2002).  Thus, before enforcing a settlement agreement, a court must conclude[] that a complete agreement has been reached and determine[] the terms and conditions of that agreement."  <u>Id.</u> at 540.

Here, there is a clear factual dispute over the terms of the alleged settlement agreement,

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████  ██████

██████████████████████████████████████████████████

████████████████████  ██████████████████████████████

██████████████████████████████████████████████████

████████

          ██████████████████████████████████████████████

████  ██████  ██████  ████████  ██████  ████  ██████  ██████  ██████  ████

████████████████████████.  Indeed, it would be a violation of the First Amendment for this

Court to even enter ██████████████, which would clearly constitute an impermissible "prior

restraint" of Defendants rights to free speech under the First Amendment.   So engrained is the

principle that a Court must avoid imposing prior restraints on First Amendment free speech that

courts have routinely struck provisions from settlement agreements seeking to impose

injunctions on speech even where all parties have agreed to accept the injunction.   See, e.g.,

Nichols v. Dollar Tree Stores, Inc., 2013 U.S. Dist. LEXIS 156754, at *10-11 (M.D. Ga. Nov. 1,

2013)(striking non-disparagement provision from settlement agreement as unconstitutional prior

restraint); Valdez v. T.A.S.O. Properties, Inc., 2010 U.S. Dist. LEXIS 47952, at *4-5 (April 28,

2010)(striking settlement agreement and noting unconstitutionality of proposed non-

disparagement provision to be enforced via injunction); see also Crosby v. Bradstreet Co., 312

F.2d 483, 484 (2d Cir. 1963)(declining to enforce injunction resulting from settlement agreement

4

on grounds of impermissible prior restraint where it sought to "enjoin publication of information about a person, without regard to truth, falsity, or defamatory character of that information.").

███████████████████████████████████████████   ██████████

████████████████

    ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████   ████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████

    ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████   ████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████   Far from seeking to enforce a settlement agreement to which

Defendants never agreed, it is Plaintiff who should be required to accept the draft agreement

Defendants have circulated, attached to the Wong Certification as Exhibit A, which fairly and

accurately memorializes the terms agreed to at the settlement conference before this Court.

6

## CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiff's Motion to Enforce Settlement Agreement.


                                        **WONG FLEMING**

Dated: August 12, 2015                  By: */s/ Mark W. Thompson*
                                            Mark W. Thompson, Esq.
                                            VA Bar # 66750

                                        By: /s/ Linda Wong
                                            Linda Wong, Esq. (*admitted pro hac vice*)

                                        821 Alexander Road, Suite 200
                                        Princeton, New Jersey 08540
                                        Tel.: (609) 951-9520
                                        Fax: (609) 951-0270
                                        *Attorneys for Defendants Richard P. Olenych and
                                        Lone Tree Printing, Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Thompson, hereby certify that on this 12th day of August, 2015, I caused a true and correct copy of the foregoing Opposition to Motion to Enforce Settlement, as well as its supporting Exhibits, to be filed and served using the Court's ECF system upon the below counsel of record.

> Louis N. Joynes, II
> Joynes & Gaidies
> 564 Lynnhaven Parkway
> Suite 100
> Virginia Beach, VA 23452

Dated: August 12, 2015

> */s/ Mark W. Thompson*
> Mark W. Thompson, Esq.
> VA Bar # 66750
> 821 Alexander Road, Suite 200
> Princeton, New Jersey 08540
> Tel.: (609) 951-9520
> Fax: (609) 951-0270
> *Attorneys for Defendants Richard P. Olenych*
> *and Lone Tree Printing, Inc.*