UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EDWARD M. ZINNER,

    Plaintiff,

v.                                        Civil Action No. 2:14cv163

RICHARD P. OLENYCH,
and
LONE TREE PRINTING, INC.,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on Defendants', Richard P. Olenych and Lone Tree Printing, Inc. (collectively, "Defendants"), Motion to Enforce Settlement Agreement, ECF No. 82, and Plaintiff's, Edward M. Zinner ("Plaintiff"), Motion for Sanctions, ECF No. 99. The Court will address each in turn.

### I. Motion to Enforce Settlement Agreement

On September 22, 2015, the parties reached a negotiated settlement of the federal claims raised in this matter, and the case was dismissed with prejudice with the Court retaining jurisdiction solely to enforce the parties' Settlement Agreement. Stipulation of Voluntary Dismissal with Prejudice, ECF No. 80. On October 30, 2015, Defendants' filed their Motion to Enforce the Settlement Agreement, arguing that Plaintiff was attempting to re-litigate the

1

settled matters in a new action filed in Virginia Beach Circuit Court. ECF No. 82. Plaintiff opposed the Motion to Enforce, and the matter was referred to United States Magistrate Judge Douglas E. Miller, pursuant to 28 U.S.C. § 636(b)(3) and Local Civil Rule 72, on December 2, 2015. Order, ECF No. 95. On December 24, 2015, Magistrate Judge Douglas E. Miller issued a Report and Recommendation, ECF No. 100, recommending that the Court deny Defendants' Motion to Enforce Settlement Agreement. By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court has received no objections to the Magistrate Judge's Report and Recommendation, and the time for filing the same has expired.

The Court, having reviewed the record and the Magistrate Judge's Report and Recommendation, therefore **ADOPTS** the findings and recommendations set forth in the Report and Recommendation, and **DENIES** Defendants' Motion to Enforce Settlement Agreement, ECF No. 82.

## II. Motion for Sanctions

Plaintiff timely notified Defendants of his Motion for Sanctions, and filed the Motion on December 22, 2015. ECF No. 99. Plaintiff argues that Defendants' Motion to Enforce violated Federal Rule of Civil Procedure 11(b)(1)-(3) because the Motion was filed

to harass, delay, or needlessly increase the cost of litigation, the Motion's contentions were unwarranted under existing law, and it contained factual allegations unsupported by evidence. Defendants filed their opposition to the Motion for Sanctions on January 5, 2016, ECF No. 101. Plaintiff did not file a Reply. Thus, the matter is ripe for review.

Federal Rule of Civil Procedure 11(b) provides that, by presenting a pleading to the Court, an attorney certifies that "to the best of that person's knowledge, information, and belief formed after an inquiry reasonable under circumstances," the pleading:

> 1. is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> 3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b). The party moving for Rule 11 sanctions has the burden of proving a violation of Rule 11; once that burden is met, it shifts to the responding party to prove that his or her conduct was reasonable. See id. 11(c).

When evaluating whether a party has violated Rule 11(b)(1)-(3),

3

the Court must examine the pleadings according to a standard of objective reasonableness. In re Kunstler, 914 F.2d 505, 519 (4th Cir. 1990) (addressing violation of Rule 11(b)(1)); Cabell v. Petty, 810 F.2d 463, 466-67 (4th Cir.1987) (addressing violation of Rule 11(b)(2)-(3)). To determine whether a pleading is filed with an improper purpose, in violation of Rule 11(b)(1), "a court must ignore evidence of the injured party's subjective beliefs." In re Kunstler, 914 F.2d 505 at 519. Instead, the party alleging violation of Rule 11(b)(1) must demonstrate that the filer lacked a "sincere intent to pursue [the claim]." Id. The assertion of a claim, defense, or legal contention violates Rule 11(b)(2) if it has "absolutely no chance of success under the existing precedent." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir.2002) (internal quotations omitted). Even if the law could colorably support a claim, a party violates Rule 11(b)(3) where there is no factual support for the asserted claims. See id. at 154-55; Edmonds v. Gilmore, 988 F. Supp. 948, 956-57 (E.D. Va. 1997).

Plaintiff argues that (1) Defendants' Motion to Enforce was filed to harass, delay, or needlessly increase the cost of litigation, in violation of Rule 11(b)(1); the Motion's contentions were unwarranted under existing law, in violation of Rule 11(b)(2); and the Motion contained factual allegations unsupported by

evidence, in violation of Rule 11(b)(3). Mot. for Sanctions at 2. As noted above, Plaintiff has the burden of proving a violation of Rule 11. Plaintiff, however, has provided no factual support for his contention that Defendants violated Rule 11(b)(1) by filing their motion with an improper purpose. Plaintiff alleges only that the Motion "could not have been filed for any purpose other than" to harass, delay, or increase litigation costs. Id. Further, Plaintiff has not demonstrated that Defendants' Motion violated Rule 11(b)(2)-(3) because he has not shown that the Motion had "absolutely no chance of success" or that there was no factual support for Defendants' claims. The Magistrate Judge's Report and Recommendation, which this Court has adopted, evaluated Defendants' Motion to Enforce and further demonstrates that Defendants' Motion, while unsuccessful in this Court, did not lack all legal or factual support. Thus, Plaintiff has failed to meet his burden to demonstrate a violation of Rule 11(b)(1)-(3). The Court, therefore, **DENIES** Plaintiff's Motion for Sanctions.

### III. Conclusion

For the reasons discussed above, the Court **ADOPTS** the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed on December 24, 2015, ECF No. 100, and **DENIES** Defendants' Motion to Enforce Settlement

Agreement, ECF No. 82.  Further, the Court **DENIES** Plaintiff's Motion for Sanctions, ECF No. 99.

    IT IS SO ORDERED.

                                              /s/ MSD
                                      Mark S. Davis
                                      United States District Judge

Norfolk, Virginia

January 22, 2016